UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM W. MUELLER, ET AL.                  CIVIL ACTION

VERSUS                                                    NO. 23-587-JWD-RLB

ALLSTATE INSURANCE COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 13, 2023.

                                                        RICHARD L. BOURGEOIS, JR.
                                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIAM W. MUELLER, ET AL.**                           **CIVIL ACTION**

**VERSUS**                                                              **NO. 23-587-JWD-RLB**

**ALLSTATE INSURANCE COMPANY, ET AL.**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiffs' Motion for Remand and Request for the Imposition of Fees and Costs. (R. Doc. 8). The motion is opposed. (R. Doc. 13).

### I.     Background

On June 14, 2023, William W. Mueller and Crystal Mueller (collectively, "Plaintiffs") filed their Petition for Damages against Allstate Insurance Company and many of its alleged subsidiaries, including Hull & Company, LLC ("Hull") (collectively, "Allstate") in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana. (R. Doc. 1-1 at 1). Plaintiffs alleged, among other things, that Allstate breached its insurance contract, was negligent in failing to make adequate timely payments, and breached its duty of good faith. (R. Doc. 1-1). On July 11, 2023, Plaintiffs filed a Supplemental Petition for Damages ("Supplemental Petition"), adding insurance agent Jennifer Champagne ("Champagne") as a defendant and alleging that she made misrepresentations to Plaintiffs, ignored Plaintiffs' calls, and provided no assistance with Plaintiffs' insurance damage claim. (R. Doc. 1-4 at 2). Hull removed the action to this Court, on July 24, 2023, on the basis that Champagne was improperly joined to defeat jurisdiction. (R. Doc. 1 at 19). Plaintiffs filed a Motion to Remand and Request for Imposition of Fees and Costs on August 9, 2023, before also filing an opposition to the

removal on August 17, 2023. (R. Doc. 8, 10). On August 22, 2023, Hull filed its opposition. (R. Doc. 13).

## II.     Arguments of the Parties

Hull argues in its Notice of Removal that Champagne placed insurance for Plaintiffs merely as an agent for her principal Allstate so that she may not be "held personally liable unless [she] personally [bound] herself or exceed[ed] her authority." *Leblanc v. Mid-Continent Life Ins.,* No. CIV. A. 93-2677, 1993 WL 432374, at *1 (E.D. La. Oct. 21, 1993). (R. Doc. 1 at 23). Hull points out that "Plaintiffs have made no allegations that [] Champagne exceeded her authority or personally bound herself [such that] Plaintiffs fail to allege a cause of action against [her]." (R. Doc. 1 at 23, 24). Hull also cites *Tomlinson v. St. Paul Fire & Marine Ins. Co.* to assert that Plaintiffs' claim that Champagne failed to assist Plaintiffs in handling their insurance damage claim "does not give rise to a cause of action under Louisiana law." No. CIV A 06-3273, 2006 WL 2632105, at *4 (E.D. La. Sept. 12, 2006) (R. Doc. 1 at 25, 26).

Plaintiffs, in both their Memorandum in Opposition to Remove and in their Motion to Remand and Request for Imposition of Fees and Costs, reproduced their Supplemental Petition almost in full and asserted that the "allegations in Paragraphs 4 through 19 of the Supplemental Petition set forth a number of claims and causes of actions against Champagne … personally." (R. Doc. 8, 10). Plaintiffs cite *Great Plains Trust Co. v. Morgan Stanley Dean & Co.,* to remind this Court that Plaintiffs need only show "any possibility of recovery against the party whose joinder is questioned." 313 F.3d 305, 312 (5th Cir. 2002). (R. Doc. 8, 10). After making this point, Plaintiffs cited numerous California cases to argue that Champagne is liable for her own acts, even if she was also acting as an agent for Allstate. (R. Doc. 8, 10). Plaintiffs also claim they are entitled to costs and attorney fees under 28 U.S.C. § 1447(c). (R. Doc. 8, 10).

In response, Hull maintains that Plaintiffs' allegations against Champagne do not raise any causes of action under Louisiana law. (R. Doc. 13). Hull asserts that "no cause of action exists against an agent of a named insurer, unless the agent personally bound itself or exceeded its authority." *Leblanc v. Mid-Continent Life Ins.*, 1993 WL 432374, at *1 (E.D. La. Oct. 21, 1993) (emphasis added) (citing *Miller v. Powers & Tuttle*, 145 So. 718 (La. 2d Cir. 1993)). (R. Doc. 13). Hull also again cites *Tominslon* to state that "[i]n Louisiana, the fiduciary duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested[, not] to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer." 2006 WL 2632105 at *3–4. (R. Doc. 13).

### III.   Law and Analysis

#### A.   Legal Standards

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[1] Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). At this point, the presence of Champagne as a defendant would require remand if she was not improperly joined as Hull claims in its Notice of Removal. (R. Doc. 1). The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show either an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state

---

[1] There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether Jennifer Champagne was improperly joined as a defendant.

2

court." *Id.*, at 646-47. As Hull has not alleged actual fraud, the Court will only consider the latter.

"[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant[.]" *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004). Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry[.]" *Id.* "[A] court *may* choose to use either one of these . . . , but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). This Court will conduct a Rule 12(b)(6) analysis and refrain from piercing the pleadings.[2] *Id.* (R. Doc. 8).

When conducting a Rule 12(b)(6) analysis, the Court must determine whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Int'l Energy Ventures*, 818 F.3d at 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's possibility of recovery against a nondiverse defendant must be "reasonable," "not merely . . . theoretical." *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003). Rather, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Id.* To make this determination, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). However, the Court is not bound to accept legal conclusions as true.

---

[2] The Declaration of William Mueller will be ignored throughout this analysis as it is not a part of the Supplemental Petition. Even were this Court to consider the Declaration of William Mueller, its holding would not change.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If in the end this court determines Champagne was improperly joined, she must be dismissed without prejudice. *Int'l Energy,* 818 F.3d at 209.

Regarding the state causes of action being pled against Champagne, a plaintiff can only hold an "employee personally liable for his injury when the following four elements are met: [1. T]he employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue. [2. T]he employer must have delegated that duty to the employee at issue. [3. T]he employee at issue must have breached the duty through his own personal fault. [4. T]he employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee." *Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.,* 34 F.4th 431, 437–38 (5th Cir. 2022).

As for the personal liability of insurance agents, they have "a duty to use reasonable diligence in placing the insurance requested, to advise regarding recommended coverage and gaps in coverage, and to promptly notify the client if it fails to obtain the requested insurance[, but] no case imposes a duty on an agent to 'identify a client's needs and advise him whether he is under-insured or carries the correct type of coverage.'" *Gomez v. Allstate Ins. Co.,* No. CIV.A. 06-8274, 2007 WL 1166150, at *2 (E.D. La. Apr. 17, 2007) (citations omitted). This is because Louisiana Civil Code article 3016 states that an agent "who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract." Louisiana law "protects an agent for a disclosed principal from personal liability [] unless the agent personally binds himself, exceeds his authority, or misrepresents[3] a position of

---

[3] "An insurance agent . . . also may be held liable, in tort, if he intentionally or negligently misrepresents facts that he knows or has reason to know to be false." *Galjour v. Cutitto,* No. CIV.A. 06-8150, 2007 WL 1890625, at *2 (E.D. La. June 29, 2007) (citing *Ragas v. Tarleton,* No. 06-4137, 2006 WL 2925448, *3 (E.D.La. Oct. 10, 2006).

4

the principal." *Birdsall v. State Farm Fire & Cas. Co.,* No. CIV.A. 06-9471, 2007 WL 445345, at *2 (E.D. La. Feb. 6, 2007) (citations omitted). But even if an insurance agent "assume[s] a duty, under Louisiana law, negligence by an insurance agent is not actionable unless it constitutes the cause in fact of the harm for which recovery is sought." *Ragas v. Tarleton,* No. CIVA 06-4137, 2006 WL 2925448, at *3 (E.D. La. Oct. 10, 2006) (citing *Motors Ins. Co. v. Bud's Boat Rental, Inc.,* 917 F.2d 199 (5th Cir.1990); *Offshore Prod. Contractors v. Republic Underwriters Ins. Co.,* 910 F.2d 224 (5th Cir.1990)). An act is a cause in fact if a harm would not have occurred without it. *Toston v. Pardon,* 874 So.2d 791, 799 (La.2004).

In sum, if "[t]here is no allegation that [an agent] made any unauthorized representations or that he pledged his own responsibility[,]" it may be found that the agent was improperly joined. *Picquet v. Amoco Prod. Co.,* 513 F. Supp. 938, 940 (M.D. La. 1981) (citation omitted); *See Kimball v. Mod. Woodmen of Am.,* 939 F. Supp. 479, 482-83 (M.D. La. 1996). The same is true if a plaintiff fails to show that an insurance agent's alleged negligence was a cause in fact of the harm for which the plaintiff seeks recovery. *Ragas,* 2006 WL 2925448, at *4.

**B.    Analysis**

The issue before the Court is whether Plaintiffs' Supplemental Petition fails "to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47.). (R. Doc. 1-4). In conducting its Rule 12(b)(6) analysis, this Court may ignore legal conclusions but must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678; *Lormand*, 565 F.3d at 239. After all legal conclusions are removed from Plaintiffs' Supplemental Petition, the following facts remain regarding Champagne's alleged actions and inactions.

    a) She "was the local contact agent and point-person for [Allstate]." (R. Doc. 1-4 at ¶ 4).
    b) She "managed and oversaw" a Gonzales Allstate on Hwy 44." (R. Doc. 1-4 at ¶ 5).

    c) She did not pick up or return calls when Plaintiffs called her. (R. Doc. 1-4 at ¶ 3).

    d) She gave no input regarding Plaintiff's insurance claim. (R. Doc. 1-4 at ¶ 6).

    e) She did not assist Plaintiffs "with the filing of a damage claim." (R. Doc. 1-4 at ¶ 9).

    f) She sold policies of insurance to Plaintiffs. (R. Doc. 1-4 at ¶ 14).

    g) She executed no diligence regarding Plaintiffs' hurricane claim. (R. Doc. 1-4 at ¶ 15).

    h) She promised Plaintiffs were "in good hands with Allstate." (R. Doc. 1-4 at ¶ 17).

    i) Plaintiffs "relied upon . . . Champagne[.]" (R. Doc. 1-4 at ¶ 8).

    j) Plaintiffs "had been led to believe that the policy sold to them would provide immediate financial assistance to pay for immediate necessities in the event of a storm/hurricane event." (R. Doc. 1-4 at ¶ 7).

    k) Plaintiffs "were sold a policy that did not provide for immediate emergency funds due after a hurricane event." (R. Doc. 1-4 at ¶ 18).

    l) The relevant policy covered the damages to Plaintiffs' home (R. Doc. 1-2 at ¶ 3).

    m) Plaintiffs' claims relate to how their claims were handled, not to whether the relevant policy covered the damages to Plaintiffs' home. (R. Doc. 1-2 at ¶¶ 3, 16, 21, 53).

    n) Plaintiffs point out that Allstate "[a]cknowledged coverage obligations owed to Plaintiffs but refused to provide coverage to Plaintiffs[.]" (R. Doc. 1-2 at ¶ 53).

Plaintiffs fail to show in the above facts that Allstate delegated any specific duty to Champagne, or that she breached any duty she owed to Plaintiffs personally. Thus, Plaintiffs have failed to raise a claim against Champagne personally.

Nothing in Plaintiffs' Supplemental Petition reveals that Champagne took on any personal obligations regarding the Plaintiffs. Champagne simply contracted in the name of Allstate within the limits of her authority. *See* La. C.C. art. 3016. Even assuming that Champagne was the person who led Plaintiffs to "believe that the policy sold to them would provide immediate financial assistance to pay for immediate necessities in the event of a storm/hurricane event[,]" she breached no duty imposed on Louisiana insurance agents. (R. Doc.

6

1-4 at 7); *Gomez v. Allstate Ins. Co.,* No. CIV.A. 06-8274, 2007 WL 1166150, at *2 (E.D. La. Apr. 17, 2007) (citations omitted).

None of Plaintiff's claims against Champagne relate to any Louisiana insurance agent duty, and even if they did, Plaintiffs fail to show how these actions caused their damages. *Id; Ragas,* 2006 WL 2925448, at *4. Thus, Plaintiffs' claims against Champagne are improperly joined.

**IV.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Remand and Request for the Imposition of Fees and Costs (R. Doc. 8) be **DENIED,** and that Champagne be **DISMISSED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on November 13, 2023.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**